1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  LAURA ALARCON,                    )      CASE NO. CV 04-09542 RZ
                                       )
12               Plaintiff,           )
                                       )
13        vs.                         )      MEMORANDUM OPINION AND
                                       )      ORDER
14  JO ANNE B. BARNHART, Commissioner )
    of  Social Security Administration, )
15                                     )
                 Defendant.           )
16  ─────────────────────────────────)

17          Plaintiff's prior action challenging the denial of disability benefits resulted in

18  a remand when the Court concluded that substantial evidence did not support the

19  Administrative Law Judge's decision, at step four of the familiar five-step analysis, that

20  Plaintiff could return to her past work as a caregiver for the elderly.  [AR 181-85 (case no.

21  CV 01-9892 RZ)]  On remand, a different Administrative Law Judge conducted a new

22  hearing, but determined again – albeit at step five rather than step four – that Plaintiff was

23  not disabled.  [AR 170-79]  Plaintiff challenges the denial in three ways, the first of which

24  prompts the Court to remand the matter a second time.

25          Plaintiff first contends that the Administrative Law Judge gave insufficient

26  weight to the opinion of her treating physician, Louis T. Bascoy, M.D., limiting her to

27  sedentary work, with no more than 2 hours of sitting or walking per day; with significant

28  restrictions on use of her arms, hands and fingers; and with many postural limitations.  [AR

135-40]  After summarizing Dr. Bascoy's opinion, along with other medical evidence, the Administrative Law Judge found Plaintiff more hale than did Dr. Bascoy, with the following abilities:  lifting and carrying 20 pounds occasionally and 10 pounds frequently (instead of 10 and 10, respectively as found by Dr. Bascoy); standing and walking 6 hours per 8-hour workday (instead of 2); and kneeling and crawling only occasionally.  [AR 175-76]  An Administrative Law Judge may reject opinions of treating physicians in favor of other evidence if she "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted); *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings).

Here, the Administrative Law Judge does not satisfy the test for rejecting treating-physician opinions.  "This residual functional capacity," the judge explained, "is supported by Dr. Bascoy's treating records, the claimant's decreased range of motion and [medical expert] Dr. Mill's testimony at the hearing."  [AR 176]  But the short explanation ends there, leaving the Court to wonder not only *which parts of* the referenced portions of the record – Dr. Bascoy's records, range-of-motion evidence, and Dr. Mill's extensive testimony – specifically support a deviation from Dr. Bascoy's sedentary evaluation, but also *how* they support it.  Accordingly, the Administrative Law Judge has not provided specific, legitimate reasons for rejecting part of Dr. Bascoy's opinion.  Defendant advances several reasons why the decision is substantively sound – reasons that the Administratively Law Judge may or may not have had in mind – but the Court need not and does not address them because it may look only to the grounds articulated in the underlying administrative opinion, not to the Commissioner's *post hoc* defenses of that opinion.  *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).  Remand is required for further proceedings, possibly including a clearer explanation for the grounds for rejecting Dr. Bascoy's opinion.

Based on this determination, the Court does not address Plaintiff's other arguments for reversal, including (1) alleged insufficiency of the Administrative Law Judge's credibility findings, and (2) the propriety of awarding benefits based on the vocational expert's cross-examination testimony. On remand, however, the Commissioner may wish to take those arguments into consideration.

For the foregoing reasons, the decision of the Commissioner is reversed and the case is remanded for further proceedings consistent with this opinion.


DATED:   March 28, 2006


*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE